**TO BE FILED UNDER SEAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN PROFESSIONAL )
AGENCY, INC. )
           )
      Plaintiff, )    CASE NO. 1:12-cv-01488-GK
           )
vs. )
           )
NASW ASSURANCE SERVICES, )
INC., *et al.* )
           )
      Defendants. )
           )

### CONSENT ORDER AND JUDGMENT

On September 7, 2012, Plaintiff American Professional Agency, Inc. ("APA") filed its "Complaint for Declaratory Judgment and Other Relief" against Defendants NASW Assurance Services, Inc. ("ASI") and National Association of Social Workers, Inc. ("NASW") (as amended, the "Complaint").

ASI and NASW answered the Complaint and filed a Counterclaim against APA (as supplemented and amended, the "Counterclaim").

APA has denied and continues to deny any liability to ASI and NASW. Likewise, ASI and NASW have denied and continue to deny any liability to APA.

APA, ASI, NASW, and NASW Risk Retention Group, Inc. ("RRG") have agreed to make RRG a party to this Consent Order and Judgment. RRG, as evidenced by its signature and its counsel's signature below, agrees to be a party to and to be bound by this Consent Order and Judgment.

APA, NASW, ASI and RRG (each a "party" and collectively the "parties") having consented hereto, and for good cause shown, IT IS HEREBY

7992652 v2

ORDERED AND ADJUDGED as follows:

1.      The Complaint and Counterclaim hereby are dismissed with prejudice, with each party to bear its own attorneys' fees and costs of court. Notwithstanding the dismissal, any party may reopen this case to seek relief for any alleged breaches or violations of this Consent Order and Judgment by another party.

2.      APA shall not make any statements, directly or indirectly, orally or in writing, which state or imply that:

>       (a)     RRG is self-insured;
>
>       (b)     RRG's assets are just the collected insurance premiums pooled together;
>
>       (c)     Certificates of insurance issued by RRG will not be accepted by managed care providers;
>
>       (d)     RRG is tiny or has minimal assets;
>
>       (e)     RRG is unregulated; or
>
>       (f)     NASW and/or ASI is endorsing or sponsoring RRG's professional liability insurance program just for the money.

3.      (a)     NASW (including NASW's chapters), ASI and RRG shall not make any statements, directly or indirectly, in writing, about American International Group, Inc. ("AIG"), provided, however, if AIG makes any statements, directly or indirectly, in writing, about NASW, ASI or RRG, then NASW, ASI and RRG shall have the right to make responsive statements about AIG.

>       (b)     NASW (including its chapters), ASI and RRG shall not make any statements, directly or indirectly, orally or in writing, which state or imply that:

7992652 v2

2

       (i)      NASW, ASI and/or RRG has provided professional liability insurance for 40 years; or that

       (ii)     The professional liability insurance policy offered by APA has fewer exclusions than the one offered by RRG because the RRG policy provides more benefits.

4.     For a period of two years after the entry of this Consent Order and Judgment, (i) APA shall not state anything in writing about ASI, NASW or RRG, directly or indirectly, and (ii) ASI, NASW and RRG shall not state anything in writing about APA, directly or indirectly. Nothing in this paragraph or in this Consent Order and Judgment prohibits any party from filing a complaint or motion about any conduct of any other party hereto which conduct occurred on or after March 20, 2013 and which the complaining party believes to be a violation of law, any regulatory requirements or this Consent Order and Judgment.

5.     (a) APA shall withdraw all documents on any website that it owns or operates that mention ASI, NASW, and/or RRG, and (b) ASI, NASW and RRG shall withdraw all documents on any websites that they own or operate that mention APA.

6.     For a period of two years after the entry of this Consent Order and Judgment, APA, ASI, NASW and RRG shall not publish or otherwise disseminate charts comparing its social worker professional liability insurance policy and program or the benefits under that policy and program (hereinafter "PLI Policy, Program or Benefits") with the PLI Policy, Program or Benefits of any other party to this Consent Order and Judgment, provided, however, that nothing in this paragraph or in this Consent Order and Judgment shall prevent any party to this Consent Order and Judgment from describing ways in which its PLI Policy, Program or Benefits are different from those under the former NASW-endorsed social worker professional liability

7992652 v2

3

insurance policy and program (the "PLI Program"), so long as what is stated neither violates the law nor any terms of this Consent Order and Judgment.

7.      As used herein, the term "Insurance Information" means information obtained or developed about the insureds under the PLI Program.

8.      APA, ASI, NASW and RRG each shall have the right to use the Insurance Information in their possession for any lawful and legitimate insurance business purpose.

9.      As used herein, the term the "Restricted Data" means any and all NASW member information collected or received by APA from or through ASI, NASW and/or NASW members who applied for insurance from the PLI Program prior to September 10, 2012.

10.     Except as may be required by law and as provided immediately below, APA shall not have the right to sell, distribute, transfer, or otherwise disclose any of the Restricted Data to any third party other than the insurance company that provides insurance coverage for APA's social worker professional liability insurance program.  Nothing herein shall prohibit APA from selling or otherwise conveying its book of business or prohibit APA's owner(s) from selling or otherwise conveying APA and including the Restricted Data as part of any such sale or conveyance, provided that the purchaser agrees to abide by the restrictions on the use of the Insurance Information and Restricted Data set forth herein.  Notwithstanding anything in this paragraph or in this Consent Order and Judgment, APA shall not sell or otherwise convey its book of business, nor shall APA's owner(s) sell or otherwise convey APA to any professional membership or mental health organization, or its related entities, that competes with NASW.

11.     Any party to this Consent Order and Judgment that believes any other party has violated a provision of this Consent Order and Judgment may seek relief from this Court by motion.  Prior to filing such a motion the complaining party shall give written notice to the party

7992652 v2

4

against whom relief is sought, by certified mail, return receipt requested, of the alleged violation

and of the complaining party's intention to seek relief from this Court. The complaining party

shall not file such motion until at least five business days after receipt of the notice by the party

against whom relief is sought. Such notices shall be addressed as follows:

    (a)    If the notice is to be sent to APA, it shall be sent to:

> Mr. Richard C. Imbert
> American Professional Agency, Inc.
> 95 Broadway
> Amityville, NY 11701

> and

> Robert L. Folks, Esq.
> Robert L. Folks & Associates, LLP
> 510 Broad Hollow Road
> Suite 304A
> Melville, NY 11747

> and

> Harvey A. Levin, Esq.
> Thompson Coburn LLP
> 1909 K Street NW
> Suite 600
> Washington, DC 20006-1167

    (b)    If the notice is to be sent to ASI, or RRG, it shall be sent to:

> Mr. Tony A. Benedetto
> Executive Vice President
> NASW Assurance Services, Inc.
> 50 Citizens Way, Suite 304
> Frederick, MD 21701

> and

> Carolyn Polowy, Esq.
> National Association of Social Workers, Inc.
> 750 First Street, NE
> Suite 700

7992652 v2

Washington, DC 20002-4241

and

Joan Ebert Rothermel, Esq.
Klein Zelman Rothermel LLP
485 Madison Avenue
New York, NY 10017

and

Robert H. Myers, Jr., Esq.
Morris, Manning & Martin, LLP
1333 H Street, NW
Suite 820
Washington, DC 20005

and

David A. Rabin, Esq.
Morris, Manning & Martin, LLP
3343 Peachtree Road, NE
Suite 1600
Atlanta, GA 30326

(c)     If the notice is to be sent to NASW, it shall be sent to:

Elizabeth J. Clark, Ph.D., ACSW, MPH
Chief Executive Officer
National Association of Social Workers, Inc.
750 First St., NE
Suite 700
Washington, DC 20002-4241

and

Carolyn Polowy, Esq.
National Association of Social Workers, Inc.
750 First Street, NE
Suite 700
Washington, DC 20002-4241

and

Joan Ebert Rothermel, Esq.
Klein Zelman Rothermel LLP

485 Madison Avenue
New York, NY 10017

and

Robert H. Myers, Jr., Esq.
Morris, Manning & Martin, LLP
1333 H Street, NW
Suite 820
Washington, DC 20005

and

David A. Rabin, Esq.
Morris, Manning & Martin, LLP
3343 Peachtree Road, NE
Suite 1600
Atlanta, GA 30326

Any of the foregoing may change his, her or its address by sending notice of such change to the others.

12.    If ASI, NASW or RRG is asked to comment on APA, they will state only that they are no longer associated with APA.  If APA is asked to comment on ASI, NASW or RRG, it will state only that it is no longer associated with NASW.

13.    The Court shall enter this Consent Order and Judgment under seal and shall maintain the confidentiality of this Consent Order and Judgment.

14.    APA, ASI, NASW and RRG agree to keep this Consent Order and Judgment and its terms confidential except as follows:

> (a)    NASW may inform the executive directors or presidents of its chapters of the terms of this Consent Order and Judgment to the extent necessary to perform NASW's obligations under this Consent Order and Judgment,

7992652 v2

7

provided that NASW shall request its executive directors and presidents to maintain the confidentiality of such information;

(b)     Each party may disclose this Consent Order and Judgment and its terms to regulators and other governmental authorities, provided, however, that any party doing so shall request that the regulator or governmental authority maintain the confidentiality of such information;

(c)     Each party may disclose this Consent Order and Judgment and its terms to its employees, officers, directors, and agents who have a need to know of such matters and who have agreed to maintain the confidentiality of such matters;

(d)     Each party may disclose this Consent Order and Judgment and its terms to its attorneys, accountants, and other professional advisors who have agreed to maintain the confidentiality of such matters.

In addition, this Consent Order and Judgment and its terms may be disclosed:

(e)     To the extent necessary to enforce this Consent Order and Judgment; and

(f)     To the extent required to be disclosed by law or by the rules of a court or administrative agency, or in compliance with the order of a court or administrative agency, including a duly served subpoena.

In the event any party is served with any court order, request for production of documents, subpoena or other judicial or governmental request or process (collectively a "Subpoena") requiring disclosure of this Consent Order and Judgment or its terms or conditions, it shall immediately notify the other parties in writing at the addresses given in Paragraph 11 above. It is the intent of the parties that no party shall voluntarily disclose this Consent Order and Judgment

7992652 v2

8

or its terms, but it is not required to affirmatively act to contest a Subpoena or otherwise incur the risk of legal sanctions for the purpose of maintaining the confidentiality of this Consent Order and Judgment or its terms. Each party not served with the Subpoena shall have whatever rights are provided by law to seek a protective order or similar relief, should it so choose.

15.    Each party may state in words or in substance that this lawsuit has been settled and that the settlement is confidential. Other than as provided in Paragraph 14 and in this paragraph, none of the parties shall discuss the lawsuit or the settlement orally or in writing.

16.    Within ten business days after the entry of this Consent Order and Judgment, ASI and NASW shall inform the District of Columbia Department of Insurance, Securities and Banking ("DISB") and any other regulatory authority before which a complaint is pending that they wish to withdraw their complaint against APA, and they shall ask the DISB and any other regulatory authority before which a complaint is pending not to pursue any investigation or any other action on that complaint.

17.    Unless otherwise expressly provided herein, any affirmative action contemplated or required by this Consent Order and Judgment shall be performed by the party or parties within ten (10) business days after entry of this Consent Order and Judgment.

18.    None of the parties to this Consent Order and Judgment admits any wrongdoing or any liability of any kind whatsoever. Each of the parties to this Consent Order and Judgment denies any liability to every other party.

19.    All representations, warranties, covenants and agreements made in this Consent Order and Judgment by any party or parties shall survive the execution, delivery and performance of this Consent Order and Judgment. This Consent Order and Judgment contains the sole and entire agreement made by the parties hereto regarding the disputes that are the subject of this

7992652 v2

9

Consent Order and Judgment, and any and all understandings and agreements heretofore had between the parties hereto relative to the circumstances, matters, events and transactions that are the subject of this Consent Order and Judgment are superseded by and merged with this Consent Order and Judgment and no party hereto relies upon any statement or representation not contained herein.

20.   In entering into this Consent Order and Judgment, the persons signing on behalf of APA, ASI, NASW and RRG each represents that:

(a)   He or she has authority to consent to this Consent Order and Judgment on behalf of the party for which he or she is signing it;

(b)   He or she has read all the terms of this Consent Order and Judgment, has consulted with legal counsel regarding same, and fully understands the same; and

(c)   The party for whom he or she is acting has knowingly and voluntarily accepted the terms of this Consent Order and Judgment.

21.   This Consent Order and Judgment shall inure to the benefit of and be binding upon APA, ASI, NASW and RRG, and upon their respective successors and assigns.

SO ORDERED, this 27th day of ____June____, 2013.

_____
Gladys Kessler
United States District Judge

CONSENTED TO:

/s/ Harvey A. Levin _____

Harvey A. Levin (D.C. Bar No. 203869)
Kathleen E. Kraft (D.C. Bar No. 984445)

7992652 v2

THOMPSON COBURN LLP
1909 K Street, N.W. Suite 600
Washington, D.C.  20006-1167
T: (202) 585-6900
F: (202) 508-6969
email: hlevin@thompsoncoburn.com
email: kkraft@thompsoncoburn.com

/s/ Robert L. Folks

Robert L. Folks (New York Bar No. 8773)
(admitted pro hac vice)
Robert L. Folks & Associates, LLP
510 Broad Hollow Road
Suite 304A
Melville, NY 11747
T: (631) 845-1900
F: (631) 845-8779
email: lawfolks@aol.com

Attorneys for American Professional Agency, Inc.

7992652 v2

11

MORRIS, MANNING & MARTIN, LLP

/s/ David A. Rabin
Robert H. Myers, Jr.
D.C. Bar No. 179242
David A. Rabin
Georgia Bar No. 591469
*Admitted Pro Hac Vice*
W. Andrew McNeil
Georgia Bar No. 498636
*Admitted Pro Hac Vice*

1333 H Street NW, Suite 820
Washington, D.C. 20005
Tel: (202) 898-0011
Fax: (202) 408-5146
rmyers@mmmlaw.com
drabin@mmmlaw.com
amcneil@mmmlaw.com

Attorneys for NASW Assurance Services, Inc..
National Association of Social Workers, Inc. and
NASW Risk Retention Group, Inc.

AMERICAN PROFESSIONAL AGENCY, INC.

By:_____
     Richard C. Imbert, President

Date: _____

NASW ASSURANCE SERVICES, INC.

By:_____
     Tony A. Benedetto, Executive Vice President

Date: _____

7992652 v2

12

MORRIS, MANNING & MARTIN, LLP

/s/ David A. Rabin
Robert H. Myers, Jr.
D.C. Bar No. 179242
David A. Rabin
Georgia Bar No. 591469
*Admitted Pro Hac Vice*
W. Andrew McNeil
Georgia Bar No. 498636
*Admitted Pro Hac Vice*

1333 H Street NW, Suite 820
Washington, D.C. 20005
Tel: (202) 898-0011
Fax: (202) 408-5146
rmyers@mmmlaw.com
drabin@mmmlaw.com
amcneil@mmmlaw.com

Attorneys for NASW Assurance Services, Inc.,
National Association of Social Workers, Inc. and
NASW Risk Retention Group, Inc.

AMERICAN PROFESSIONAL AGENCY, INC.

By:_____
        Richard C. Imbert, President

Date: _____4/9/13_____

NASW ASSURANCE SERVICES, INC.

By:_____
        Tony A. Benedetto, Executive Vice President

Date: _____

7992652 v2

12

MORRIS, MANNING & MARTIN, LLP

/s/ David A. Rabin
Robert H. Myers, Jr.
D.C. Bar No. 179242
David A. Rabin
Georgia Bar No. 591469
*Admitted Pro Hac Vice*
W. Andrew McNeil
Georgia Bar No. 498636
*Admitted Pro Hac Vice*

1333 H Street NW, Suite 820
Washington, D.C. 20005
Tel: (202) 898-0011
Fax: (202) 408-5146
rmyers@mmmlaw.com
drabin@mmmlaw.com
amcneil@mmmlaw.com

Attorneys for NASW Assurance Services, Inc.,
National Association of Social Workers, Inc. and
NASW Risk Retention Group, Inc.


AMERICAN PROFESSIONAL AGENCY, INC.


By:_____
        Richard C. Imbert, President

Date: _____



NASW ASSURANCE SERVICES, INC.

By:_____
        Tony A. Benedetto, Executive Vice President

Date: _____4/5/2013_____

NATIONAL ASSOCIATION OF SOCIAL WORKERS, INC.

By: *Elizabeth J Clark*

      Elizabeth J. Clark, Ph.D., ACSW, MPH
      Chief Executive Officer

Date: *April 5, 2013*


NASW RISK RETENTION GROUP, INC.


By:_____

      Joseph T. Monahan, President

Date:  _____

7992652 v2

13

NATIONAL ASSOCIATION OF SOCIAL WORKERS, INC.

By:_____

      Elizabeth J. Clark, Ph.D., ACSW, NPH
      Chief Executive Officer

Date: _____


NASW RISK RETENTION GROUP, INC.

By:_____

      Joseph T. Monahan, President

Date: _____April 5, 2013_____

7992652 v2

13